Mary E. Bacon, Esq.
(NV Bar No. 12686)
Jessica E. Chong, Esq.
(NV Bar No. 13845)
SPENCER FANE LLP
300 S. Fourth Street, Suite 950
Las Vegas, NV 89101
Telephone: (702) 408-3400
Facsimile (702) 938-8648
Email: mbacon@spencerfane.com
       jchong@spencerfane.com

*Attorneys for Defendant USAA Casualty Insurance Company*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **FRANK MARKS**, individually,<br><br>Plaintiff,<br><br>vs.<br><br>**USAA CASUALTY INSURANCE COMPANY; NATIONWIDE GENERAL INSURANCE COMPANY,** DOES I through X, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00236-GMN-DJA<br><br>**USAA CASUALTY INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S SECOND AND THIRD CAUSES OF ACTION AND MOTION TO STRIKE PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES AND ATTORNEY'S FEES** |

Defendant USAA Casualty Insurance Company ("USAA CIC"), by and through its counsel, Spencer Fane LLP, submits the following Motion to Dismiss Plaintiff's Second and Third Causes of Action and Motion to Strike Plaintiff's Request for Punitive Damages and Attorney's Fees ("Motion").

## PRELIMINARY STATEMENT

In this action for underinsured motorist benefits, Plaintiff improperly attempts to turn a simple value dispute into claims for bad faith without pleading a single fact to support this extracontractual claim. The allegations for Plaintiff's bad faith claim in the Complaint is a mere recital of the elements of a bad faith claim and a single vague conclusion—no plausible facts against USAA CIC are alleged for these claims. Additionally, Plaintiff alleges a cause of action for breach of fiduciary duty against USAA CIC, but Nevada does not recognize a

cause of action for breach of fiduciary duty in the insurer-insured context.

As a result, USAA CIC seeks dismissal of the two counts improperly pleaded in the Complaint: Plaintiff's second cause of action for breach of fiduciary duty, and Plaintiff's third cause of action for bad faith breach of the covenant of good faith and fair dealing ("bad faith"). USAA CIC does not challenge Plaintiff's first cause of action for breach of contract as part of this Motion.

The crux of Plaintiff's extra-contractual claim is that USAA CIC breached the contract by failing to compensate Plaintiff for his injuries. But Plaintiff's Complaint lacks any specific allegations of fact to support his assertion that USAA CIC did not compensate his for his injuries in any way that is more than a standard breach-of-contract dispute. Importantly, he also fails to allege any facts that USAA CIC was aware of or recklessly disregarded the fact that its coverage decision was allegedly unreasonable. Thus, Plaintiff's claims for bad faith should be dismissed. Likewise, his claim for breach of fiduciary duty should be dismissed because Nevada does not recognize a cause of action for breach of fiduciary duty in this context.

Lastly, since Plaintiff failed to state a cause of action for bad faith as a matter of law, Plaintiff has no basis to request either punitive damages or attorney's fees. USAA CIC requests the Court dismiss or strike Plaintiff's requests for the same.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   FACTUAL AND PROCEDURAL BACKGROUND

#### (1)   The accident

Plaintiff alleges in the removed case that he was riding his bike, and was almost hit by an automobile, causing him to crash his bicycle to avoid a collision.[1] As a result, he alleges he sustained personal injuries.[2] He alleges that he is entitled to benefits under a USAA CIC policy.[3] That policy provides coverage with a single-limit underinsured motorist

---

[1] ECF. 1, Complaint at ¶ 7.

[2] *Id.*

[3] Complaint at ¶ 10.

2
MOTION TO DISMISS

bodily injury coverage limits of $300,00.00 per incident and underinsured motorist bodily injury coverage with limits of $100,000 per person.[4] Plaintiff has requested compensatory damages, interest, punitive damages, costs of suit and attorney's fees, and other relief as the court deems fit.[5]

### (2)   Procedural History

Plaintiff filed his Complaint on December 26, 2023.[6] Plaintiff's Complaint alleges three causes of action: (1) breach of contract, (2) breach of fiduciary duty, and (3) bad faith.[7] All claims stem from USAA CIC's valuation of Plaintiff's claim.[8]

The instant motion does not challenge Plaintiff's breach of contract claim. Plaintiff's breach of fiduciary duty claim is not supported by Nevada law, as explained more *infra*. Plaintiff's only substantive allegation related to his bad faith claim is a conclusion:

> 38. At all times relevant hereto, Defendants USAA and NATIONWIDE's breach of their duty of good faith included, but is not limited to, failing to fully disclose all facts upon which decisions were rendered, consistently failing to live up to their contractual obligations, consistently failing to act in a timely manner, consistently requiring repetitious production of materials, and consistently relying upon facetious and disingenuous grounds to arbitrarily deny Plaintiff's valid claim.[9]

Tellingly, Plaintiff does not allege: which facts USAA CIC allegedly failed to disclose, how USAA CIC "consistently" failed to live up to its contractual obligations, which contractual obligations Plaintiff is referring to, or how or when (or in which instances) USAA CIC failed to act in a timely manner. Plaintiff also failed to allege anytime or instance in which USAA CIC required a repetitive production of materials, or what those materials were, and how or when it relied upon "facetious and disingenuous grounds" (and what those grounds were) to allegedly deny Plaintiff's claim.

---

[4] ECF. 1, Exhibit B, Declaration Page.

[5] ECF. 1, Complaint at Prayer for Relief at ¶¶ 1-5.

[6] Complaint at p.1.
[7] *See* Complaint, generally.
[8] *Id.*
[9] Complaint at ¶38.

3
MOTION TO DISMISS

DN 7364021.2

Plaintiff's only supporting allegation is conclusory and is not entitled to the presumption of truth. As a result, Plaintiff's third cause of action for bad faith should be dismissed.

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[10] A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[11] While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[12] "Factual allegations must be enough to rise above the speculative level."[13] Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[14]

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.[15] Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[16]

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[17] A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[18]

> Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."[19] When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.[20]

---

[10] Fed. R. Civ. P. 12(b)(6).
[11] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).
[13] *Twombly*, 550 U.S. at 555.
[14] *Iqbal*, 556 U.S. at 678 (citation omitted).
[15] *Id*. at 678–79.
[16] *Id*. at 678.
[17] *Id*. at 679.
[18] *Id*. at 678.
[19] *Id*. (internal quotation marks omitted).
[20] *Twombly*, 550 U.S. at 570.

4
MOTION TO DISMISS

DN 7364021.2

> The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court confirmed a complaint "may not simply recite the elements of a cause of action."[21] Otherwise, a complaint that does not demonstrate an entitlement to relief will unfairly subject a defendant to the expense of discovery.[22]

### III.  ARGUMENT

**(1)  Plaintiff failed to state a claim for breach of a fiduciary duty.**

Plaintiff's second cause of action alleges USAA CIC breached a fiduciary duty when it evaluated Plaintiff's claim for UIM benefits. In *Powers v. United Services Auto Assoc.,*[23] the Nevada Supreme Court expressly declared that there exists no cause of action for breach of fiduciary duty between an insurer and insured. Although the *Powers* Court allowed a jury instruction which explained that "the duty owed by an insurance company to an insured is fiduciary in nature," the Court held that "this fiduciary relationship instruction... does not equate to the creation of a new cause of action."[24] As set forth in *Evantson Ins. Co. v. Robb Technologies, LLC,*[25] Nevada does not recognize a cause of action for breach of fiduciary duty between an insurer and insured:

> This Court agrees with other Nevada courts that an insurance contract is a special contract that can be fiduciary in nature, but does not create a fiduciary relationship. *Martin v. State Farm Mut. Auto. Ins. Co.,* 960 F.Supp. 233 (Dist.Nev. 1997). The Nevada Supreme Court did affirm that an insurer's duty to its policyholder is "akin" to a fiduciary relationship; however, it also clarified that this conclusion "does not equate to the creation of a new cause of action." Powers v. United Servs. Auto. Ass'n., 979 P.2d 1286, 1288 (Nev.1999). There being no fiduciary duty, Defendants' claim alleging breach of fiduciary duty fails to state a claim upon which relief can be granted and

---

[21] *Id.*
[22] *Id.*
[23] 115 Nev.38, 979 P.2d 1286 (1999),
[24] Id. at 42, 1288.
[25] 2006 WL 1891134, (D.Nev. 2006),

must be dismissed.[26]

In *Martin v. State Farm Mut. Auto. Ins. Co.,*[27] the District Court for the District of Nevada explained why an insured cannot maintain a cause of action for breach of fiduciary duty:

> While the duty of good faith and fair dealing is fiduciary in nature, it does not create a fiduciary relationship. The covenant of good faith and fair dealing does not require that the insurer place the insured's interests above its own as would be the case if the insured were a fiduciary. While the special duties of an insurer to the insured resemble the duties owed by a fiduciary, these duties arise due to the unique characteristics of an insurance contract, not because the insurer is a fiduciary. Nevada courts have never gone so far as to classify the relationship between an insurer and insured as a fiduciary duty. For these reasons, this Court finds that under Nevada law a fiduciary duty between an insurer and insured does not exist.[28]

In this case, Plaintiff alleges USAA CIC owed him a fiduciary duty.[29] However, under Nevada law, USAA CIC is not a fiduciary and Nevada courts have never recognized a cause of action for breach of fiduciary duty between an insured and insurer. Accordingly, this Court should dismiss Plaintiff's second cause of action, with prejudice.

### (2) Plaintiff failed to state a claim that USAA CIC acted in bad faith

To establish a prima facie case of bad-faith refusal to pay an insurance claim, the plaintiff must establish that the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage.[30] "Thus, the key to a bad faith claim is the reasonableness of the

---

[26] Id. at page 3.

[27] 960 F.Supp. 233 (Dist.Nev. 1997),

[28] Id. at 235.

[29] Complaint at Third Cause of Action.

[30] *Powers v. United Services Auto. Ass'n,* 114 Nev. 690, 702–03, 962 P.2d 596, 604 (1998), opinion modified on denial of reh'g, 115 Nev. 38, 979 P.2d 1286 (1999).

insurer's denial."[31] And while an insurer must treat an insured fairly, an insurer is not required to place an insured's interests above its own.[32]

Additionally, "an insurer's incorrect determination that coverage does not exist under a particular policy is not an actionable tort, unless there was no reasonable basis for that determination."[33] "A reasonable, or good faith, dispute over an open question of law affecting insurance coverage cannot constitute an insurance bad faith claim as a matter of law."[34] Indeed, the Nevada Supreme Court has cautioned that the tort of bad faith should be limited to "rare and exceptional cases."[35]

Plaintiff's theory is that he is owed more than USAA CIC's last offer, and that USAA CIC's failure to offer and pay Plaintiff the amount he believes is the correct value of his claim constitutes bad faith.[36] However, Plaintiff's Complaint contains only conclusory statements asserting that he is entitled to additional amounts under the policy.[37] The Complaint does not detail Plaintiff's medical bills, the amount he is requesting, or the offer he received from USAA CIC and how it was without a reasonable basis. Plaintiff fails to allege in any way how this case is anything more than a simple contractual dispute over the value of his claim. Regarding Plaintiff's singular conclusion regarding bad faith, Plaintiff does not allege: which facts USAA CIC allegedly failed to disclose, how USAA CIC "consistently" failed to live up to its contractual obligations, which contractual obligations Plaintiff is referring to, or how or when (or in which instances) USAA CIC failed to act in a timely manner. Plaintiff also failed to allege anytime or instance in which USAA CIC required a repetitive production of materials, or what those materials were, and how or when it relied upon "facetious and disingenuous grounds" (and what those grounds were) to allegedly deny Plaintiff's claim.

---

[31] *Clifford v. Geico Cas. Co.,* 428 F. Supp. 3d 317, 324 (D. Nev. 2019) *citing Guebara v. Allstate Ins. Co.,* 237 F.3d 987, 992 (9th Cir. 2001).
[32] *Clifford v. Geico Cas. Co.,* 428 F. Supp. 3d 317, 324 (D. Nev. 2019) *citing Ainsworth v. Combined Ins. Co.,* 104 Nev. 587, 763 P.2d 673, 676 (1988).
[33] *Houston v. GEICO Cas. Co.*, 220CV01505GMNBNW, 2021 WL 682060, at *3 (D. Nev. Feb. 22, 2021) *citing Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co.,* 863 F. Supp. 1237, 1242 (D. Nev. 1994).
[34] *Brewington v. State Farm Mut. Auto. Ins. Co.,* 96 F. Supp. 3d 1105, 1109 (D. Nev. 2015)
[35] *Great Am. Ins. Co. v. General Builders, Inc.,* 113 Nev. 346, 354-55, 934 P.2d 257, 263 (1997) (internal citations omitted).
[36] Complaint at Third Cause of Action.
[37] *See id.*

Plaintiff's conclusory allegations of bad faith fails. As the Court clarified in *Iqbal*, these conclusory assertions are not entitled to a presumption of truth.[38] Plaintiff's Complaint contains no factual allegations detailing the circumstances surrounding defendant's refusal to pay the policy limits immediately after Plaintiff demanded payment. Therefore, Plaintiff's bald allegations that defendant's failure to pay the policy limit of demand constitutes bad faith do not state a claim upon which relief can be granted.[39] *See Sgrillo v. Geico Cas. Co.*,[40] (dismissing Plaintiff's bad faith claim for failure to provide factual allegations surrounding Geico's alleged refusal to pay policy limits); *Plaza v. Geico Direct*,[41] (dismissing plaintiff's bad faith claim, which alleged bad faith when plaintiff proffered $38,822.40 in medical bills and defendant insurer only offered $8,400 to resolve the case because "[P]laintiff does not otherwise plead facts or circumstances that would lead the court to conclude that this is anything but a genuine dispute as to value."); *Rios v. Progressive N. Ins. Co.,*[42] (where the Nevada Court of Appeals affirmed a determination of no bad faith where Plaintiff failed to provide evidence that Progressive *unreasonably* disputed the UIM claim value.); *Langermann v. Prop. & Cas. Ins. Co. of Hartford,*[43] ("The Court agrees with Defendant that Plaintiff has pled no facts at all surrounding the circumstances of the alleged failure to pay the unspecified demand. Plaintiff has not alleged the amount of the demand, when it was made, how Defendant responded to it, or any other facts surrounding the alleged denial apart from the mere fact of a demand (for an unspecified amount) and a denial. That is not enough to plausibly state a claim under the common law theory of bad faith.").

Accordingly, USAA CIC is entitled to dismissal of this claim as a matter of law.

### (3) Plaintiff's Prayer For Punitive Damages and Attorneys' Fees Should Be Dismissed.

USAA CIC also seeks to strike or dismiss Plaintiff's prayer for attorney's fees and

---

[38] *See* 556 U.S. at 678-79, 129 S.Ct. 1937.
[39] *See Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.
[40] 323 F. Supp. 3d 1167, 1170 (D. Nev. 2018)
[41] 430 F. Supp. 3d 689, 692 (D. Nev. 2020)
[42] 487 P.3d 27 (Nev. App. 2021)
[43] 2:14-CV-00982-RCJ, 2014 WL 3696664, at *2 (D. Nev. July 25, 2014)

punitive damages, because the only possible basis for recovery is based on causes of action that fail. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter...on its own" or "on motion made by either party...before responding to the pleading."[44] The purpose of a motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."[45] "[A] motion to strike may be used to strike any part of a prayer for relief where the requested damages are not recoverable as a matter of law."[46]

### i. Plaintiff's request for punitive damages must be stricken.

In Nevada, punitive damages may only be awarded "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied."[47] "'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person."[48] "'Fraud' means an intentional misrepresentation, deception or concealment of a material fact known to the person with the intent to deprive another person of his or his rights or property or to otherwise injure another person."[49] "'Malice, express or implied' means conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others."[50] "'Conscious disregard' means the knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences."[51] "[Conscious disregard] plainly requires evidence that a defendant acted with a culpable state of mind.... [A]t a minimum, [it] must exceed mere recklessness or gross negligence."[52]

---

[44] Fed. R. Civ. P. 12(f).
[45] *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, *Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994) );
[46] *Madrigal v. Treasure Island Corp.,* 208CV01243PMPGWF, 2008 WL 11389168, at *3 (D. Nev. Dec. 30, 2008) *citing Grosz v. Lassen Cmty. Coll.*, 572 F. Supp. 2d 1199, 1208 (E.D. Cal. 2008); *Friedman v. 24 Hour Fitness USA*, *Inc.*, 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008).
[47] NRS § 42.005(1).
[48] NRS § 42.001(4).
[49] NRS § 42.001(2).
[50] NRS § 42.001(3).
[51] NRS § 42.001(1).
[52] *Countrywide Home Loans, Inc. v. Thitchener,* 192 P.3d 243, 255 (Nev. 2008).

In this case, Plaintiff seeks an award of punitive damages based upon his third cause of action for bad faith.[53] Because Plaintiff's third and fourth causes of action fail as a matter of law as set forth above, Plaintiff's request for punitive damages similarly fails.

### ii. Plaintiff's request for attorney's fees should be stricken.

"Nevada follows the American rule that attorney fees may not be awarded absent a statute, rule, or contract authorizing such award."[54] Prayers for damages may be stricken where such damages are not recoverable as a matter of law.[55]

Plaintiff's Complaint requests attorney's fees through his second cause of action for breach of contract.[56] But the insurance contract with USAA CIC does not have an attorney's fees provision. *See* **Exhibit 1.**[57]

Plaintiffs must plead facts to support an award of damages and fees in order to maintain a prayer for them in his Complaint. Here, the Complaint fails to show there is a relevant statute, rule, or contractual provision authorizing an award for attorney's fees.[58] To the extent Plaintiff attempts to argue any other causes of action in Plaintiff's Complaint permits an award of attorneys' fees, that argument fails because those causes of action fail for the reasons stated above.

For these reasons, Plaintiffs' claim for punitive damages and attorneys' fees should be dismissed or stricken.

### IV. CONCLUSION

Plaintiff's Complaint sets forth minimal allegations that only support a simple value dispute of his underinsured motorist claim, a simple contract dispute. The Complaint fails to provide any factual allegations to support his additional claims. Therefore, and for all the reasons stated in this Motion, USAA CIC respectfully respects this court enter an order

---

[53] Complaint at ¶ 42; Prayer for Relief.
[54] *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90, 127 P.3d 1057, 1063 (2006)(internal citations omitted).
[55] *See, e.g., Kemberling v. Ocwen Loan Servicing,* 2009 WL 5039495 (D. Nev. 2009); *Garcia v. Citicorp Trust Bank FSB,* 2009 WL 3103793 (D. Nev. 2009).
[56] Prayer for Relief.
[57] The relevant insurance contract with USAA CIC was incorporated into the Amended Complaint at ¶ ¶ 6-9, 14, 30, 34-39 . *See United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003) (The court may consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment).
[58] *See Horgan v. Felton,* 123 Nev. 577, 585-586 (2007); *Sandy Valley Assoc. v. Sky Ranch Estates Owners Ass'n,* 117 Nev. 948, 957 (2001).

dismissing Plaintiff's second and third causes of action, and striking or dismissing his request for punitive damages and attorney's fees.

Dated this 9th day of February, 2024.

**SPENCER FANE LLP**

By: */s/ Mary Bacon*
Mary E. Bacon, Esq.
NV Bar No. 12686
Jessica E. Chong, Esq.
NV Bar No. 13845
300 S. Fourth Street, Suite 950
Las Vegas, NV 89101
*Attorneys for USAA Casualty Insurance Company*

## CERTIFICATE OF SERVICE

On February 9, 2024, I certify that a true and correct copy of **USAA CASUALTY INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S SECOND AND THIRD CAUSES OF ACTION AND MOTION TO STRIKE PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES AND ATTORNEY'S FEES** was filed using the Court's CM/ECF system, which will electronically notify all counsel of record.

By: /s/ Adam Miller
An employee of Spencer Fane LLP